UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KRISTEN SWANSON,<br>　　Plaintiff,<br>　　v.<br><br>TOWN OF WEST WARWICK<br>HOUSING AUTHORITY and JOSHUA<br>BARRETTE, ROBERT PALIOTTA and<br>ELIZABETH BRUNERO, Individually<br>and in their Capacities as Commissioners<br>for the Town of West Warwick Housing<br>Authority,<br>　　Defendants. | C.A. No. 15-371-M-LDA |

## ORDER

Plaintiff Kristen Swanson was terminated from her position as Executive Director for the Town of West Warwick Housing Authority before her contract expired and after twenty-eight years of employment. She filed suit against WWHA and three WWHA Commissioners, Joshua Barrette, Robert Paliotta, and Elizabeth Brunero, both in their individual and official capacities, alleging a violation of her Fifth and Fourteenth due process rights pursuant to 42 U.S.C. § 1983, breach of her employment contract, and breach of the promise of a post-termination hearing. ECF No. 1. All parties cross-moved for summary judgment. ECF Nos. 23, 25.

The Court heard the arguments of both Ms. Swanson and those made on behalf of the Town and the three employees. At the hearing, counsel for Ms. Swanson conceded that her claims for due process violations under the Fifth

Amendment of the Constitution should be dismissed because there are no federal actors involved here. Those claims are DISMISSED as to all Defendants. The Court reserved its decision on the rest of the motion, but indicated that it would immediately rule on the motion specifically made by Mr. Barrette, Mr. Paliotta, and Ms. Brunero that the claims against them in their individual capacities should be dismissed.

The Court finds that Ms. Swanson fails to make specific allegations in her complaint demonstrating individual liability of any of the three individually named Defendants. As to her post-termination hearing request, she only generally alleges that "defendants failed to respond to such requests and finally, new counsel for the commissioners specifically advised the plaintiff that no such post termination hearing would be allowed." ECF No. 1 at ¶ 15. Because Ms. Swanson does not specifically detail each of the commissioners' personal involvement in the alleged constitutional deprivation, she fails to state a claim upon which relief can be granted against them in their individual capacities. *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 902 (1st Cir. 1988); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir. 1985). Therefore, Ms. Swanson's claims against Mr. Barrette, Mr. Paliotta, and Ms. Brunero, as individuals, are dismissed.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.
---
John J. McConnell, Jr.
United States District Judge

August 11, 2017